UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MARTINA VALERIO,

                      Plaintiff,

-v-

DRUG ENFORCEMENT
ADMINISTRATION OF THE UNITED
STATES OF AMERICA and UNITED
STATES OF AMERICA,

                      Defendants.

18-CV-10081 (JPO)

OPINION AND ORDER

J. PAUL OETKEN, District Judge:

      Plaintiff Martina Valerio brings this action against Defendant Drug Enforcement Administration of the United States of America ("DEA") and Defendant United States of America (together, "Defendants"), seeking relief from Defendants' seizure of $134,981 from Plaintiff's residence. (Dkt. No. 4 ("Compl.").) Defendants have moved to dismiss the complaint. (Dkt. No. 10.) For the reasons that follow, Defendants' motion is granted.

**I.    Background**

      For purposes of resolving Defendants' motion to dismiss, the Court treats all well-pleaded allegations in Plaintiff's complaint as true.

      On or about August 11, 2016, as part of a criminal investigation into a certain individual, the DEA conducted a search of the residence Plaintiff shared with that individual. (Compl. ¶ 11; Dkt. No. 12 at 1.) During the search, the DEA discovered and seized $134,981. (*Id.*) The DEA provided Plaintiff with written notice of the seizure and published notice on an official government website. (Compl. ¶ 12.) The DEA also provided Plaintiff time to file a claim with the DEA for the seized property, which Plaintiff filed. (Compl. ¶¶ 13–14.) After review of Plaintiff's claim, the DEA deemed the claim to be invalid, and the currency was considered

1

forfeited on or about December 28, 2016. (Compl. ¶¶ 14–15). Plaintiff now seeks to challenge the DEA's administrative process in deciding her claim, asserting that Plaintiff is entitled "have her claim heard and determined by this Court, with the Defendant(s), United States of America, ordered to file a Forfeiture Complaint forthwith." (Compl. ¶ 17.) Defendants have now moved to dismiss the complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), asserting that the Court lacks subject matter jurisdiction, or, in the alternative, that Plaintiff has failed to state a claim. (Dkt. No. 10.)

**II.    Legal Standards**

A district court must dismiss a claim for lack of subject matter jurisdiction if it "lacks the statutory or constitutional power to adjudicate it." *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000); *see also* Fed. R. Civ. P. 12(b)(1). "A plaintiff asserting subject matter jurisdiction has the burden of proving by a preponderance of the evidence that it exists." *Makarova*, 201 F.3d at 113. In reviewing a motion to dismiss for lack of subject-matter jurisdiction, a court may consider evidence outside the pleadings. *See id.*

To survive a motion to dismiss for failure to state a claim, plaintiffs must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible when plaintiffs have pleaded facts that would allow "the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Court[s] must accept as true all well-pleaded factual allegations in the complaint, and 'draw[] all inferences in the plaintiff's favor.'" *Goonan v. Fed. Reserve Bank of N.Y.*, 916 F. Supp. 2d 470, 478 (S.D.N.Y. 2013) (quoting *Allaire Corp. v. Okumus*, 433 F.3d 248, 250 (2d Cir. 2006)).

2

**III. Discussion**

"The overwhelming weight of authority supports the position that a federal court lacks jurisdiction to review the merits of administrative forfeiture decisions once the administrative process has begun." *United States v. One 1987 Jeep Wrangler Auto. VIN No. 2BCCL8132HBS12835*, 972 F.2d 472, 480 (2d Cir. 1992). Courts, however, have "jurisdiction to 'determin[e] whether the agency followed the proper procedural safeguards when it declared [claimant's] property summarily forfeited." *United States v. Cobb*, 646 F. App'x 70, 72 (2d Cir. 2016) (summary order) (alterations in original) (quoting *One 1987 Jeep Wrangler,* 972 F.2d at 480). The extent of judicial review in this context is cabined by the Civil Asset Forfeiture Reform Act of 2000 ("CAFRA"), 18 U.S.C. § 983. CAFRA provides the "exclusive remedy" for a person "seeking to set aside a declaration of forfeiture under a civil forfeiture statute." *Id.* § 983(e)(5). Under the statute, a motion to set aside forfeiture "explicitly permits the court to consider only the issue of adequate notice." *Cobb*, 646 F. App'x at 72 (citing 18 U.S.C. § 983(e)(1)).

Here, Plaintiff does not contest that she was provided adequate notice of the forfeiture—in fact, her complaint states that she received both written and electronic notice from the DEA that forfeiture proceedings were beginning. (Compl. ¶ 12). Given that notice is not at issue, the Court does not have jurisdiction to review the merits of the administrative forfeiture decision.[1] Accordingly, Plaintiff's complaint must be dismissed.

---

[1] While CAFRA strictly limits a court's jurisdiction, there may be circumstances that would warrant the exercise of the court's equitable powers. *See generally In re Sixty Seven Thousand Four Hundred Seventy Dollars*, 901 F.2d 1540, 1545 (11th Cir. 1990) ("[J]urisdiction might be appropriate when a petitioner's failure to properly seek legal relief [during the pendency of a forfeiture proceeding] resulted from errors of procedure and form or the government's own misconduct . . . ."). But to the extent that such an exception to CAFRA's jurisdictional bar exists—and to the extent that Plaintiff means to invoke it here—Plaintiff's own

**IV. Conclusion**

For the foregoing reasons, Defendants' motion dismiss is GRANTED. The complaint is dismissed with prejudice pursuant to Federal Rule of Civil Procedure 12(b)(1).

The Clerk of Court is directed to close the motion at Docket Number 10 and to close this case.

SO ORDERED.

Dated: September 16, 2019
      New York, New York

_____
J. PAUL OETKEN
United States District Judge

---

submissions make clear that it does not apply. Indeed, the affidavit Plaintiff attached to support her opposition brief shows that the DEA informed Plaintiff of the defects in her claim and provided Plaintiff two opportunities to cure, which she failed to do in a timely manner. (Dkt. Nos. 15-3, 15-5.)